IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                 **CRIMINAL ACTION NO. 4:18-cr-40**

**MARGARET MITCHELL,**

    **Defendant.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Margaret Mitchell's ("Appellant") appeal pursuant to 18 U.S.C. § 3402 from her conviction of simple assault in violation of 18 U.S.C. § 113(a)(5). Appellant raises five issues on appeal: (1) whether spitting constitutes simple assault as codified under § 113(a)(5); (2) whether part of Appellant's testimony was improperly excluded because it was not hearsay; (3) whether part of the Government's evidence was improperly admitted because it was hearsay; (4) whether there was insufficient evidence to convict her; and (5) whether her sentence was procedurally unreasonable. ECF No. 19 at 1. For the reasons set forth below, Appellant's conviction is **AFFIRMED**.

## I. FACTUAL AND PROCEDURAL HISTORY

The following facts were presented at trial. On October 6, 2017, Appellant was working at the Langley Air Force Base commissary when her ex-husband, Emmanuelle Mitchell ("Emmanuelle") came around 6:30 p.m. to drop off their son, J.M. ECF No. 19 at 3, 4. Emmanuelle has full physical custody of J.M., while Appellant had visitation privileges every other weekend, and they are in a custody dispute over J.M. *Id.* On that day, Emmanuelle and Appellant were communicating via text message, and there was confusion over when J.M.

1

should be dropped off. *Id.* at 3, 4. Emmanuelle asked Appellant when she was getting off work, and she replied only with "You can leave." *Id.* at 3. When Emmanuelle was leaving, he gave J.M. a hug. *Id.* At this time, Appellant grabbed J.M. and spit on Emmanuelle. *Id.*

Emmanuelle then went to one of the managers of the commissary, Regina Moody ("Moody"), and told her that Appellant had spit on him, and showed her his wet shirt. *Id.* at 3–4. Moody also saw what appeared to be spit on the floor. *Id.* at 4. However, Moody herself did not see the confrontation between Appellant and Emmanuelle. *Id.*

On December 29, 2017, the Government charged Appellant under Criminal Information with simple assault in violation of 18 U.S.C. § 113(a)(5). ECF No. 5. A trial was held before Magistrate Judge Douglas Miller on May 16, 2018. ECF No. 10. At trial, the Government produced Emmanuelle and Moody as witnesses. ECF No. 19 at 3. In her defense, Appellant testified that it was actually Emmanuelle who spit on her, and that she had filed a complaint against him. *Id.* at 4. Magistrate Judge Miller found Appellant guilty and sentenced her to eight months of probation, anger management, and a $125 fine. ECF No. 10. Appellant filed her appeal the same day. ECF No. 16. Appellant filed her brief on July 27, 2018, ECF No. 19, and the Government filed its reply on August 27, 2018. ECF No. 20.

## II. LEGAL STANDARD

Individuals may appeal any conviction by a United States Magistrate Judge to a United States District Judge. 18 U.S.C. § 3402; Fed. R. Crim. P. 58(g)(2)(B). Such an appeal is not a new trial, nor is it automatically reviewed *de novo*. Fed. R. Crim. P. 58(g)(2)(D). Instead, "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.* Findings of fact are reviewed for clear error. *United States v. Vankestern*, 553 F.3d 286, 288 (4th Cir. 2009) (quoting *United States v. Bursey*, 416 F.3d 301,

2

306 (4th Cir. 2005)). A finding is clearly erroneous "'when although there is evidence to support it the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In re Bate Land & Timber L.L.C.*, 877 F.3d 188, 198 (4th Cir. 2017) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

Findings of law are reviewed *de novo*. *Vankestern*, 553 F.3d at 288 (quoting *United States v. Bursey*, 416 F.3d 301, 306 (4th Cir. 2005)). However, when a defendant does not contest the admission of evidence at trial, that issue is reviewed for plain error. Fed. R. Crim. P. 52(b); *United States v. Benton*, 523 F.3d 424, 429 (4th Cir. 2008) (citing *United States v. Olano*, 507 U.S. 725, 731–32 (1993)). The plain error standard requires the individual to show: "'(1) that the defect below was, in fact, error; (2) that the error was "plain;" and (3) that the error affected [his or her] "substantial rights."'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Moreover, the Court "should not exercise its discretionary authority to 'correct the forfeited error . . . unless [it] seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alterations in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

During these appeals, "the sufficiency of evidence [is reviewed] on appeal by viewing it and all [reasonable] inferences 'in the light most favorable to the Government.'" *Vankestern*, 553 F.3d at 288 (quoting *United States v. Bursey*, 416 F.3d 301, 306 (4th Cir. 2005)).

### III. DISCUSSION

#### A. Spitting as Simple Assault under 18 U.S.C. § 113(a)(5)

Appellant's first argues that spitting is not simple assault under § 113(a)(5). It is undisputed that "federal statutes criminalizing 'assault' incorporate the long-established common law definition of that term.'" *United States v. Passaro*, 577 F.3d 207, 217–18 (4th Cir. 2009)

3

(citing *United States v. Chestaro*, 197 F.3d 600, 604–05 (2d Cir. 1999)). At common law, assault is "either attempted battery or the 'deliberate infliction upon another of a reasonable fear of physical injury.'" *United States v. Hampton*, 628 F.3d 654, 660 (4th Cir. 2010) (quoting *United States v. Delis*, 558 F.3d 177, 180–81 (2d Cir. 2009)). The common law definition of battery includes "'even the slightest offensive touching.'" *United States v. Castleman*, 572 U.S. 157, 163 (2014) (quoting *Johnson v. United States*, 559 U.S. 133, 139 (2010)). A completed assault has merged into the definition of a battery. *Hampton*, 628 F.3d at 660 (quoting *United States v. Delis*, 558 F.3d 177, 180–81 (2d. Cir. 2009)).

Here, Appellant was convicted of spitting on Emmanuelle. While the parties argue over whether Appellant's saliva injured Emmanuelle or not, the Court relies on the other vein of assault's definition. There is ample case law suggesting that spitting on someone is an "offensive touching." *United States v. Carthorne*, 878 F.3d 458, 467–68 (4th Cir. 2017) (noting that spitting can constitute assault and battery under Virginia law and citing to Virginia Supreme Court cases holding such); *United States v. Llewellyn*, 481 F.3d 695, 699 (9th Cir. 2007)). Given that battery includes a completed assault, and that "even the slightest offensive touching" is a battery, spitting can be considered assault under § 113(a)(5).

### B. Appellant's Testimony as Hearsay

Hearsay is any out-of-court statement that is offered as evidence "to prove the truth of the matter asserted." Fed R. Evid. 801(c). Hearsay statements are generally inadmissible, Fed. R. Evid. 802, but certain out-of-court statements are excluded from the hearsay definition, Fed. R. Evid. 801(d), or are exceptions to the general rule of inadmissibility. Fed. R. Evid. 803–04. If an out-of-court statement is offered for another reason besides to prove the truth of the matter asserted, such as to demonstrate the testifying witness's belief or state of mind, then that

4

statement does not fall under the definition of hearsay and is therefore admissible. *United States v. Leake*, 642 F.2d 715, 720 (4th Cir. 1981) (citing *United States v. Carter*, 491 F.2d 625, 628–29 (5th Cir. 1974)).

At trial, Appellant testified that J.M. asked to hug Emmanuelle before they went their separate ways. ECF No. 17 at 40:20–21. The Government objected to this statement as hearsay, and Magistrate Judge Miller sustained that objection. *Id.* at 40:22–23. Appellant claims that this statement should have been ruled admitted because "[t]he purpose of this statement was to demonstrate why Ms. Mitchell continued to engage in a conversation with her [ex-]husband, and to explain the resulting argument that ended with her husband spitting on her." ECF No. 19 at 11. The Government claims that even if that statement is not hearsay, it is still irrelevant and therefore inadmissible. ECF No. 20 at 11; Fed. R. Evid. 401. Appellant's trial attorney did not contest the objection, and therefore this issue is reviewed for clear error. Fed. R. Crim. P. 52(b); *Benton*, 523 F.3d at 429.

J.M.'s statement was made outside of any judicial proceeding. When Appellant testified about J.M.'s statement, she was not using it to show that J.M. wanted to hug Emmanuelle, but rather why she continued to interact with Emmanuelle. Therefore, the statement does not meet the definition of hearsay. Fed. R. Evid. 801(c). While the Government is correct that J.M.'s statement "is not a 'consequential fact,'" the Government also offered the same facts in Emmanuelle's testimony. *See* ECF No. 17 at 17:6–10. If J.M.'s statement was irrelevant under Appellant's testimony, then it would also be irrelevant when Emmanuelle testified.

Either way, the Government ignores part of the relevancy analysis: "Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Relevancy is a "comparatively low" threshold. *United States v. Recio*, 884

F.3d 230, 235 (4th Cir. 2018) (quoting *United States v. Kiza*, 855 F.3d 596, 604 (4th Cir. 2017)). J.M.'s statement at least had the tendency to prove that Appellant continued to talk with Emmanuelle despite her desire to continue working. Therefore, the statement is relevant under Rule 401.

The hearsay determination here was also plain error. The well-settled definition of hearsay is that the statement must not only be an out-of-court statement but it must also be used to prove the truth of the matter asserted. The trial court seemingly relied on the out-of-court nature of the statement to sustain the hearsay objection without properly considering what the purpose behind the statement was. Therefore, such an error is plain.

However, this error did not affect Appellant's substantial rights. Even excluding this particular piece of testimony, Appellant was able to fully present evidence in her defense and cross-examine the Government's witness. One statement from Appellant's son was not such a critical piece of evidence that its exclusion undermined Appellant's right to a fair trial or any other right for that matter. By the same token, this error did not "seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Olano*, 507 U.S. 725, 732 (1993). Therefore, this hearsay issue does not rise to the level of clear error.

### C. Moody's Testimony as Hearsay

Appellant next argues that Moody's testimony about what Emmanuelle told her should have been excluded as hearsay. ECF No. 19 at 11–12. Again, Appellant's trial attorney did not object to these statements, so this is reviewed for clear error. Fed. R. Crim. P. 52(b); *Benton*, 523 F.3d at 429.

Moody's testimony is not hearsay under one of the hearsay exclusions. An out-of-court statement is not hearsay when the "declarant testifies and is subject to cross-examination about a

prior statement," the statement is consistent with the witness-declarant's testimony, and is offered "to rehabilitate the declarant's credibility as a witness when attacked on another ground." Fed. R. Evid. 801(d)(1)(B)(ii). Here, Emmanuelle is the declarant, and he had previously testified that he went to Moody to complain that Appellant spit on him. ECF No. 17 at 21:6–7. Emmanuelle was subject to cross-examination, during which Appellant's trial attorney attempted to undermine Emmanuelle's credibility due to the ongoing custody battle between him and Appellant. *Id.* at 24:6–25:12. After this attack on Emmanuelle's credibility, the Government then called Moody. *Id.* at 29:10–11. Because Emmanuelle's credibility was attacked by attempting to show bias, the Government was in its right to call Moody to corroborate Emmanuelle's testimony. Therefore, Moody's testimony was not hearsay.

### D. Insufficient Evidence for Conviction

Appellant argues that the trial court did not have substantial evidence to support Appellant's conviction and that its credibility determinations were "improper and contrary to the weight of evidence." ECF No. 19 at 7.

The Court disagrees. The testimony of a single uncorroborated witness may be sufficient to sustain a conviction. *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997). Here, Emmanuelle testified that he and Appellant had an ongoing custody battle, that he came to drop off their son, and that when his son came to hug him, Appellant lunged forward and spit on him. *See generally* ECF No. 17 at 13:13–29:8. Furthermore, Ms. Moody's testimony corroborated parts of Emmanuelle's story. *See id.* at 29:15–34:24. The combination of the testimony of both witnesses provides more than sufficient evidence to find Appellant guilty of simple assault.

Furthermore, the trial court noted several times that Appellant's testimony appeared specious, notably her inconsistent statements and her inability to answer questions in a straight-

7

forward manner. First, Appellant's testimony conflicted with the statements she made in her report as to whether or not she and Emmanuelle were arguing. *See* ECF No. 17 at 48:14–49:6. Second, Appellant testified at trial that Emmanuelle spit at her and missed, but in her report she claimed that Emmanuelle actually hit her. *Id.* at 49:9–51:23. Finally, Appellant argued with the Government several times on cross to the point that the trial court noted, "Don't argue with him every time because that's not helping your credibility . . . I'll just be candid with you. So just answer the questions that he's asking you." *Id.* at 53:10–14. On the other hand, Emmanuelle testified directly and earnestly and was supported by admissible corroborating evidence from Moody. Taking the evidence in the light most favorable to the Government, Appellant's credibility, and her unforced errors sufficiently demonstrate that the trial court made a reasonable determination that Appellant was guilty of spitting on Emmanuelle in violation of 18 U.S.C. § 113(a)(5).

**E. Reasonableness of Sentence**

Finally, Appellant contends that the trial court's sentence was procedurally unreasonable because it did not provide any explanation for the eight months' probation, the anger management special condition, and $125 fine. ECF No. 19 at 12–13.

Each sentencing is unique; "the adequacy of the sentencing court's explanation depending on the complexity of each case," *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017), and "[t]he appropriateness of brevity or length, conciseness or detail . . . depend upon the circumstances" of the particular case. *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

A sentence is typically reviewed for procedural or substantive unreasonableness. *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006), *overruling on other grounds recognized*

by *United States v. Diosdado-Star*, 630 F.3d 359 (4th Cir. 2011). "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding. A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress." *Id.* (citing *United States v. Green*, 406 F.3d 1012, 1017 (8th Cir. 2005)). When reviewing a sentence for procedural unreasonableness, the appellate court "do[es] not evaluate a [trial] court's sentencing statements in a vacuum. The context surrounding a [trial] court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

The Federal Sentencing Guidelines do not apply to petty offenses like simple assault. U.S.S.G. § 1B1.9. In cases where the Guidelines do not apply, "the court shall impose an appropriate sentence, having due regard for the [usual § 3553(a) factors]." 18 U.S.C. § 3553(b)(1). Where there is no Guideline range, the appellate court reviews the sentence to see if it is "plainly unreasonable." 18 U.S.C. § 3742(a)(4); *United States v. Deffenbaugh*, 709 F.3d 266, 274 (4th Cir. 2013). This means that the reviewing court must determine if any such unreasonableness of the sentence was "clear" or "obvious." *United States v. Crudup*, 461 F.3d 433 (4th Cir. 2006) (citing *United States v. Hughes*, 401 F.3d 540, 547 (4th Cir. 2005)).

The statutory maximum for Appellant's conviction is six months' imprisonment and a $500 fine. *See* 18 U.S.C. § 113(a)(5). The Government asked for twelve months' probation and $500 fine. ECF No. 17 at 59:25–60:6. Appellant's trial attorney asked for probation but did not make a specific request as to the length. *Id.* at 60:9–10. Appellant introduced evidence of her post-traumatic stress disorder to be considered at sentencing. *Id.* at 62:16–63:5. Appellant

9

mentioned that the conviction lead to her losing her job, that it would undermine her ability to regain custody of her son, and that she has no criminal record. *Id.* at 60:15–61:24.

The trial court acknowledged the very limited nature of the conviction and the proceedings and stated, "I agree with you, this is entirely between you and your ex-husband." *Id.* at 62:1–2. When imposing the fine, the trial court also acknowledged that Appellant had financial obligations. *Id.* at 65:7–8. Given that the trial court noted the nature of the offense, that it acknowledged the circumstances surrounding Appellant's custody status, and that it received Appellant's documents regarding her mental status, this Court finds that the trial court sufficiently considered the relevant § 3553(a) factors and imposed an appropriate sentence. Given that this case involved a simple assault with relatively straight forward testimony, the tiral court gave a brief but adequate explanation. *See Blue*, 877 F.3d at 518. Although the trial court did not explicitly lay out each factor and consideration, the larger context provides a sufficient basis to find the sentence is procedurally reasonable. *See Montes-Pineda*, 445 F.3d at 381.

## IV. CONCLUSION

For the foregoing reasons, Appellant's conviction is **AFFIRMED**. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Newport News, Virginia
December 20, 2018

Raymond A. Jackson
United States District Judge